May it please the court, my name is Libba Singer and I represent the state of Nevada today. Excuse me, I'm recovering from a cold. It's my hope to reserve five minutes for rebuttal, time permitting. The state of Nevada is not prosecuting this case to provide restitution to a small or even a significant number of Nevada consumers. The state brought this case to hold...  That's what I told Judge Ryan. Even you automatically said Nevada. Are you not from there? No, I am not from there. No, but it is definitely Nevada and you will be drummed out of the state if you get that wrong. I still think it's Nevada, whatever they call it. Tomato, tomato. The state brought this case to hold Bank of America accountable for consumer fraud that has misled Nevada consumers that has wrongfully and deceptively taken their homes and life savings and wreaked havoc on Nevada's housing market. Nevada seeks injunctive relief to stop the misconduct, civil penalties to punish it, and restitution to strip Bank of America of the profits from its wrongdoing and to provide redress to its victims. So we're in a little different place though than we were below because Chimay, or however we say that, has come out. So the district court didn't address the mass class action, right? So we have an answer now under CAFA, correct? But the district court also said there was a federal question. Yes, Your Honor, there was also a federal question. The district court also ruled that the case was not a mass action, which this court in Chimay Intellects did not reach. So that issue is also before this court. So yes, while Chimay Intellects took care of the class action provision, it did not reach the mass action provision that was reached by the district court below. Well, the court found that there was no mass action. That's correct. So now you're defending that and attacking a federal question. We believe that there is no mass action, that this case is not a mass action subject to removal under the Class Action Fairness Act. That is correct. We have cases from sort of the Fifth and the Seventh Circuit, right? But Ninth Circuit we have no precedent other than Chimay, which answered part of the question. The question that I know because the restitution that is part of what you're doing, you did not name specific people that you're collecting restitution for. So how is that going to work, the restitution? I know you're trying to get some civil penalties. There's injunctive relief. There's a number of things. The restitution that you're seeking, how are people going to get that later? That is a process. So restitution under the Nevada Deceptive Trade Practices is ordered by the court. It is paid to the state, and then the state is responsible for distributing the restitution to. So people apply to the state, and then you either grant it or don't. You either say, yeah, you're covered, you're not covered, and you decide, does everyone get the same amount or you just decide how much that person gets or what? The statute requires that people have an opportunity to be restored in property that was taken from them. So there would have to be a judgment as to what the appropriate amount of restitution was in each case. That is a post-liability determination in the Deceptive Trade Practices Act. It very specifically says that that is a post-liability process, that restitution is available and determined after a judgment. So there could be people that just don't apply for it that maybe would qualify if you don't notify people? The Attorney General's Office has a process for that. There is usually either the dependents in the action or the state itself will send notices. They use public service announcements, a whole range, to try to make sure that people who would benefit from the relief, people who are covered get the relief. But how is the amount of restitution determined? And is it determined as part of the liability phase? I mean, does the court determine the amount of restitution? Not under the Deceptive Trade Practices Act. So there's really two pieces to this case. The first is the finding that dependents, that Bank of America has violated the Deceptive Trade Practices Act. That is an on-off switch in terms of liability. If dependents make one deceptive statement in violation of the Deceptive Trade Practices Act, there is liability under the statute. The question then becomes for the final effect. What the appropriate amount of civil penalties would be, which is based on the number and egregiousness of the violations, and then there would be a process for determining what the appropriate amount of restitution would be. Well, now, the purpose of CAFA with the Congress seemed to be to avoid foreign shopping, that people were bringing actions in venues that they thought would be more favorable. And so Congress was saying, well, no, we're not going to do that. We're just going to, you know, we're going to put you in federal court. Can't an argument be made that that's exactly what state attorney generals are trying to do, is bring your action in the state court where everyone's just enraged about what's going on, and you find it's much more favorable in terms of the jury system, you know, and that entities like banks are not going to be able to get a very fair shot in states that are particularly hard hit by what is a national problem. I think there are a couple of pieces to that response, Your Honor. First of all, Nevada brings this action in state court for two reasons. One, because it is a violation of a consent judgment with defendants that reserves jurisdiction to state court. And there is settled doctrine that it is appropriate for a state court to have continuing jurisdiction to enforce orders that are entered at its court. So that is one piece of it. The second is enforcement of a state law for purely state violations. And I think it is, there is a long and important tradition of state officials enforcing traditional police powers in their state courts. It is not a question of finding a favorable forum. And that is why I think when you look at the purpose of CAFA, there is no question that it was designed to rein in what Congress was worried about in stealth or disguised class actions or mass actions. But this is a law enforcement case, and the state of Nevada brought it to address very serious violations of state law. And to do it in a court that is best suited to... So you are saying under federalism that states should still be able to do this? Absolutely. I mean, that is why this court has affirmed strong presumption against removal, including in CAFA under Abrego-Abrego. That presumption against removal, CAFA's very careful enunciation of the specific cases that are subject to removal, both reflect that interest. And it strikes me that there could be preemption issues, but those would be in either state or federal court, right? If preemption applied, and I think this would be governed in this case by Cuomo v. Clearinghouse, then that would exist regardless of what form the case proceeded in. Thank you. What relief is the state seeking that individual consumers would not be entitled to? The state is seeking civil penalties, which is not something that's available to individual consumers. It's seeking broad injunctive relief. While individuals under NRS 41600 can seek injunctive relief, it is confined to the individuals before the court, so unless there was a class action, it would be limited relief. It is not seeking some remedies available to consumers like damages, but the principle are really the three law enforcement remedies here that are injunctive relief to benefit the substantial segment of Nevada consumers who have been injured by this conduct. It is civil penalties and restitution. Something I didn't understand, this is from, okay, this original suit was filed in state court in the county where Las Vegas is? That's correct, Clark County. Now, for some reason, it's not in that county? When defendants removed, and Nevada is one district. There is an unofficial northern and southern district. It was filed in state court in Clark County where Las Vegas is. When defendants removed it, they filed their removal in federal court in Reno, so that's why it has remained in Reno. We think that's, I'll leave it there. Well, I understand that Las Vegas and Reno, that they think there's a north and a south or something, that you're not the same state or something. There is a certain tradition of state fealty that is not distinct from what you sometimes hear about the north or south more generally. But I don't, see, what I don't understand is how they could remove it to the north. I mean, it would seem to me that even with divisions, for example, like we have in the central district, we have divisions in the central district. It would still stay in that same division. There was a change, again, because it's treated as one district formally. When defendants chose to file in Reno rather than Clark County, which is where the state thinks the case belongs, again, because of a state court consent judgment that's enforced out of Clark County, the court made the determination that it would stay in Reno where defendants had filed for removal. The state did file a motion for change of venue that was denied by the district court. Where would it go if there were a remand? It would go back to state court in Clark County, again, where the consent judgment is pending, where the consent judgment was filed, and where the housing crisis, the lawyers, the witnesses are centered in this case. I do want to make sure we cover the federal question issue as well. Yes, you should. You've got four and a half minutes, but do your best. Don't worry about rebuttal. All right. I'm hoping to follow the court's indulgence for people who traveled long distances. Under 28 U.S.C. 1453, which is the statute governing interlocutory reviews of CAFA decisions, Congress quite specifically articulated that when an appellate court exercises its discretion to take review of the CAFA question, it has review of the entire order. That is the specific language of Section 1453. And we submit to this court having this order before you, which involves two issues that go to the subject matter jurisdiction of the federal courts, in particular federal question jurisdiction, that the equities strongly favor reviewing the federal question as well. And that really comes down to several issues. One, again, the court has this case in front of it. It has been fully briefed by the parties. Two, going back to the state sovereignty issues that were raised earlier, it would be an enormous injury to the sovereignty and dignity of the state of Nevada to have to go forward and try this case in federal court. So your complaint does raise issues under the FDCPA, and I don't know if you call it HAMP or HA, I don't know how you say that. To the extent that the state claims raised those issues, are they merely raised as alternate theories of liability, or is it really the grab-a-man of the complaint? It's certainly not the grab-a-man of the complaint, and I think that's for two reasons, Your Honor. The first is that the state law claims, and there are only state law claims in this case, the state has not alleged that Bank of America violated either HAMP or the FDCPA. It has alleged state law violations. It is certainly true that the complaint refers to HAMP, but it involves misrepresentations by these defendants about its loss mitigation and foreclosure programs. Will a court have to look to HAMP? Yes, but it doesn't have to interpret it, nor are there any substantial or disputed questions about what HAMP means in this case. So that is one response. The second is that there are multiple theories, all independent from any federal law issue. All independent of the federal law issue. So are you sort of relying on what the amicus brief talked about, why this should be in state court as opposed to federal court, even if there is some implication of federal issues? Again, the complaint refers to federal law. There is no federal question, no substantial and disputed federal issue to be adjudicated by a court here. And there is a long history of case law, both on the alternative theories of liability, Reins versus Criterion system, is a case that says if there are independent basis of state liability, then the case belongs in state court. Second, that a glancing reference to federal law does not create federal question jurisdiction. Merrill Dow is one of the classic cases in this area where a state law claim referred to federal law. There was the Federal Food, Drug, and Cosmetic Act. The fact that it referred to federal law did not create federal question jurisdiction. The same is true in numerous other cases in Reins versus Criterion system is the fact that there was a constitutional basis for a public policy supporting a discrimination claim. The fact that there was also state constitutional and state law basis meant that there was no federal question. Thank you. You're down to your out of time, but we'll give you time for rebuttal. Thank you, Your Honor. May it please the Court, Matthew Close for the defendants and appellees here. The district court correctly determined that it had jurisdiction over this aggregated litigation, and there is no reason to disturb that conclusion 13 months into the litigation as it progresses smoothly. Removal jurisdiction was sustained below on two independent and alternative grounds, Section 1331 and Section 1332. I'll start with the CAFA mass action jurisdiction issue under 1332D because we are here today pursuant to Section 1453C, and narrow grants of interlocutory review jurisdiction enacted as part of CAFA to ensure the development of a body of appellate law that would govern this new federal statute. So as much as the state of Nevada would like this court to use this appellate procedure to make law on federal question jurisdiction, we're going to start and focus on the CAFA issues because the grant of appellate jurisdiction in this procedure is, in fact, limited to those issues and developing CAFA law for the circuits. CAFA provides that a mass action shall be deemed removable as a class action if a handful of conditions are met. The Attorney General's complaint below meets all of these conditions. The Attorney General seeks to try jointly the monetary relief claims of 100 or more persons on the ground that they include common questions of law or fact. Now, I have tremendous respect for Ms. Singer, and she came a long way from Washington, D.C., to argue on behalf of her client, the state of Nevada. But in fact, as the chief district judge for the District of Nevada recognized, these awards of restitution that they are seeking are highly individualized. Nevada law, Nevada revised statute 598.0993, provides that restitution can be made to a person in interest of the money or property that was taken from them by means of the deceptive practice. The focus is not on ill-gotten gains. It's what was taken from these borrowers, if anything. Moreover, the law of restitution is clear that the conduct of the borrower is relevant to the award of restitution. That's the restatement of restitution, section 140. Nevada revised statute 598.09753B, which is cited in the appellant's brief in footnote 6, indicates that an award of restitution should indicate the person for whom restitution was ordered. Counsel is just not correct that it just goes into a pot for the attorney general, and the attorney general then just does whatever she deems appropriate. In fact, the Nevada Supreme Court in Landex v. State, 582 Pacific 2nd, 786, held in an attorney general enforcement action under a different statute, false advertising, that if the attorney general wanted to invoke the court's equitable power to obtain an award of restitution, it needed to put on evidence of who the victims were and the extent of their losses. That is why in the complaint, the attorney general spent page after page documenting Consumer 1's experience and what their loss was. Consumer 2, Consumer 3, there's approximately 30 pages in the complaint focused on individual consumers and how property was allegedly taken from them. So for all of these reasons, the district judge correctly understood and the hearing imposed questions to counsel just along these lines. This monetary relief claim that you say you're going to litigate it, you say you're going to try it, you say this is an important part of your litigation, you're going to need to put on specific information about these borrowers and what was taken from them. And that's what, and that's how we know that this is a complaint that seeks to try the monetary relief claims of 100 or more persons jointly. But what about the civil penalties? What about the injunctive relief that they're seeking? A couple comments. It is civil money penalties can be obtained under the statute by persons other than the attorney general. Not private parties, but for example, district attorneys are able to seek civil money penalties. And as counsel noted, private parties can obtain injunctive relief under this statute. And I don't know what it means to say it's not as broad. If someone can enjoin Bank of America from violating the law, it's pretty much a parallel injunctive relief. Well, but I think the civil penalties are, if the civil penalty, if that's really what this is about, protecting the Nevada economy and the damage to Nevada, which I think is what they're claiming, more than just these individuals, you know, bringing a class action for these individuals is what they're saying. Because those civil penalties are all going to go into a pot that they're going to somehow use for their, for the benefit of all people in Nevada, for whatever devastation they're claiming that the banks have caused in the foreclosure problems, right? I think that's the allegation. And I would agree that the civil money penalty claim is not the basis for CAFA mass action jurisdiction. But that's not the only, I don't think you defeat... If it's not, then we, what are you saying is our, like our lens that we're deciding? You're admitting that the civil penalties don't fall there. Are you saying then we look and see, does the rest, and restitution isn't necessarily, when you use that word, is a government function as opposed to collecting for individuals to some point. So how do we balance those two? I think for purposes of the jurisdictional statute that Congress enacted, the question is whether or not this civil action seeks to try the monetary relief claims of 100 or more persons. I don't think you inoculate or create a defense to removal by adding an injunctive relief claim or a claim that is not a monetary relief claim or a claim that's personalized to one person. I think that the Caldwell analysis, this court's analysis in DFEH versus Lucent tells us we look at the complaints as a whole. In the complete diversity, 1332A, in that environment, if you have multiple real parties in interest and there's not complete diversity, this kind of fact pattern might defeat diversity. But here we are in a statutory regime where Congress wanted to extend diversity jurisdiction in cases of minimal diversity. So I think we look at the totality of the complaints. CAFLA tells us under mass action, we focus on monetary relief claims. Are there 100 or more of those claims that are proposed to be tried together? Undoubtedly yes. And then we ask, is there minimal diversity? Undoubtedly yes, undisputed. If we think about the borrowers, there's minimal diversity. That's the analytic framework. It's similar to what the Fifth Circuit did in the Caldwell decision. And I'm not proposing a claim by claim. We look at the entirety of the complaint. But it's not enough to throw in one injunctive relief claim and then say there's something in there or we need to do a balancing test of what's really going on. I mean, removal is judged at the time of removal based on the pleadings before the court. And there's no dispute, and we've heard it again today, the State's proposal is to try in one mass action not only its claims, but also the restitutionary claims of thousands of borrowers. This is a representative action of the type that Congress meant to bring within the scope of CAFA. Well, if you look at the suit as a whole, and you say you shouldn't balance it away, what value do you give to what Judge Callahan spoke of? The State's interest is a matter of State policy of enforcing the State law, consumer fraud or whatever it is in this case, to enforce that law for the protection of the people of Nevada as a whole. Judge Reinhart, I think a couple of responses there. This circuit's held in the California XLR Lockhear versus Deinergy case that the 11th Amendment doesn't bar removal where removal is otherwise provided by Congress. Removal to federal court is in no way stifling the Attorney General's asserted law enforcement prerogatives. No, I'm not saying that they're barred from doing it. I'm saying you look at the case as a whole, as you said, not claim by claim, and one of the principal reasons for the claim, or for the case, one of the principal claims is that the Attorney General of Nevada filed a suit to protect the people of Nevada against these practices, which they feel has had a serious impact on the people of the State as a whole and on the economy of the State. Now, do you have that? And you undoubtedly have what you describe also. So you look at the case as a whole and you say, well, what is this case principally? Is it a suit brought by Nevada to help parents patriotize for the people to stop a practice that's having an effect? Or is it principally a case to collect some amounts for individuals who have been directly injured? And don't you have to choose one or the other? No, I don't think so, Judge Reinhart, because I think what Congress directed and what they told us to look at in 1332 D-11 was whether or not the civil action proposes to try jointly the monetary relief claims of 100 or more individuals. Moreover, later in that same statute, they carved out from the grants of jurisdiction and it said, but this won't include cases that are brought solely based on the public interest. All the claims are based on the public interest and none of the claims are brought for individual claimants. So the statutory scheme Congress established for removal of jurisdiction does not create the analytic framework of we need to call either a ball or a strike. It's either one or the other. Instead, they said, we're looking for aggregated monetary relief litigation. That's the touchstone for mass action jurisdiction. And moreover, in the subsection, they're going to give a carve out and say, but if it's purely, exclusively, all of the claims are for the general public and none of them are for individual claimants or members of the purported class, and this only applies to cases that are not filed under Rule 23, so they recognize that there would be non-parties who had claims and interests here. If it's exclusively for the public interest and no claims are for individuals, then it's excluded under what's known as a general public exception, and that's in 28 U.S.C. 1332d11, B, little 2, Roman 3. That's the exception that would cover the scenario, Judge Reinhard, you pose, is if it was really exclusively for the public benefit. Didn't the Seventh Circuit go the other way on that argument? In the Madigan decision? No, I thought it was the LG Display Company. Yeah. So the Seventh Circuit held in that case that under Illinois law, or in what two sentences looks like an application of Illinois law, that the Illinois Attorney General was the exclusive real party and interest in that case, but this complaint is different. The nature of the restitutionary remedies being sought here are different. Nevada law is different, and what it requires of the state to recover the remedies that they are pleading and trying to prove, and that's what Chief Judge Jones recognized. But, I mean, didn't the individuals, weren't there individuals in the LG Display Company, as well as the State Attorney General, and wasn't there recovery sought for the individuals? The complaint did seek antitrust recovery on behalf of both the state entities and the individuals. I don't think you had a complaint or a rest, I don't think the antitrust field restitutionary principles are quite the same as the restitutionary principles that apply under the Nevada Deceptive Trade Practices Act, the statutory provisions I cited to the court earlier, that require an individualized focus on what was taken from each borrower. So, I think that the Seven Circuits approach in Madigan is distinguishable because of both this circuit's decision in DFEH versus Lucent, and the applicable Nevada law, and this complaint's extensive focus on specific borrowers. At 30 pages, 10 specific borrowers are alleged to be representative of what this case is going to be about and what the remedies are going to be based upon. How does restitution differ from compensatory damages? Restitution focuses on two elements. It's an equitable remedy, right? First, it's an equitable remedy, but it focuses on what's been taken. Damages, of course, can be benefit of the bargain or other kinds of measures. Damages can be far more extensive than restitution. In some circumstances, I would agree with that. In this context, I think the restitution is largely measured on a same basis as traditional damages, a restitutionary measure of damages. So, the claims that the bank made false and misleading statements that caused the borrowers to get mortgages on homes far beyond their value, is that the gist of it? It's a little bit different that the borrowers already had mortgages. They were entitled to either walk away from those mortgages or renegotiate the terms of those mortgages under certain federal programs. And the bank lied to them about that and that's the alleged violation. But to then get restitution... What would be the measure of restitution if the Attorney General were to prevail? For each borrower, what was wrongfully taken from them and retained by the bank? What should the bank have to restore? As Judge Jones recognized, some of these allegations are you wrongfully foreclosed on this person's house. Some are, this person's monthly mortgage payment should have been decreased by $50 a month, six months earlier than you did it. The measure of restitution is very different under those two scenarios, which is exactly why Landex... If this were in federal court, would there be a claim for compensatory damages that would be permitted? I don't think the statutory provisions in Nevada allow this plaintiff to make those... Couldn't the individuals join in? If the individuals wanted to and joined or was permitted, that might be possible. That hasn't been permitted. If I know I'm over time, one second on appellate jurisdiction just briefly. I think it's important to realize there is one jurisdictional question before this court. What is their CAFA jurisdiction below? That is the extent of this court's jurisdiction. No other court on a 1453C has ever gone beyond CAFA-related issues to address federal question, to address other issues that may have found their way into the district court order. The scope of this court's jurisdiction is coextensive with the question of was removal under CAFA below correct or not? And there's no other case that has ever used this narrow grant of interlocutory appellate jurisdiction to then reach out and grab things like federal question or other matters, and that's because this is a limited grant. Do you have any case law that goes your way on that that says we decline or we cannot reach the entire order under our interlocutory jurisdiction under CAFA? The Anderson 7th Circuit case. The 5th Circuit in... The 5th Circuit came out that way in Patterson v. Dean-Morris, LLP, 448F3rd, 736. And I think it fits with the entire purpose. Why would this court's jurisdiction on a 60-day term... Well, the problem is the statutory language. It just says order. I mean, so it seems like you could read order to relate to all jurisdictional issues that are in that order and not to reach to other substantive types of questions. Well, then the courts, the scope of... The purpose here is to develop some CAFA law to guide the district courts because otherwise these matters would almost never be reviewable as a function of 1447D and the fact that most of these cases settle before final judgment. And so now the court... And I just incur... I mean, I've thought a lot about this over the last couple weeks. Now the scope of this court's jurisdiction on a 60-day narrow grant is going to turn on what happened to make its way into the same order as the CAFA issue. That was rejected in the same order. In the next case, should we have briefed a firm on the basis of bankruptcy court removal jurisdiction? It was in the same order. It's jurisdictional. The scope... I think the entire CAFA review process will be distorted over time and the court's exercise of discretion to take these cases will be influenced by the randomness of what is or is not included in the same order. I think it's clear that the congressional grant was intended to give the court leeway to address the issues intertwined with CAFA. The federal question issue is not. I know you've been very generous. Thank you. I just want to focus on, with the court's permission, a couple of issues. There are three different reasons why the court could why the court should find that there is no removal jurisdiction under CAFA. First is that it's not a mass action. There are two different pieces to that. The Attorney General here does not propose to try jointly the claims of 100 persons. The Attorney General seeks to try one claim. Her claim under the Deceptive Trade Practices Act. She cannot represent consumers. Under her authority, under the Deceptive Trade Practices Act, she can only bring an action in the name of and on behalf of the state. That is the one case and one claim in this case. And under the plain language of CAFA, it does not qualify as a mass action. That is what the court found and the Seventh Circuit found in LG v. Madigan, which Judge Reinhart referred to. And that is the controlling logic here. The second, even if it was a mass action of 100 or more persons and not a single claim by the Attorney General, it qualifies for the general public exception to mass action. This is quintessentially a case that serves the public interest. It is a law enforcement action on what is unquestionably the single most important issue in the state of Nevada right now. It seeks broad remedies to redress, punish, and stop misconduct that is having an enormous toll both on individual consumers and the state's economy. If this is not an action that qualifies as a mass action, I'm sorry, under the general public exception, it is hard to understand what it is. That is what this court found in a related context in San Francisco v. PG&E where it said the fact that law enforcement, that a government entity seeks restitution does not change what is fundamentally a law enforcement public interest proceeding. That is what the Seventh Circuit has found in the same circumstance. If the test was whether the Attorney General brought this case and consumers benefited, that would be inconsistent with the language of CAFA and the clear purpose of this case. The last is minimal diversity, the third reason that this case is not removable under CAFA, and there, as was discussed previously, the controlling test is the test in DFEH when you look at the whole complaint, not at a single remedy, and that is what Bank of America is focusing on here, the single remedy of restitution. But this circuit has already decided that it is not a claim-by-claim process. You don't have to look at each claim for relief as the court did, as the Fifth Circuit did in Caldwell, and that has been rejected roundly. What about the question, I don't want you to use all your time before I can get to the question of whether we have jurisdiction over the entire order. That is the language that Congress put in the statute. If Congress meant to limit review to like half a question, it could have done that in the precise language of the statute. I think we're further instructed by 1292, which also allows appellate courts jurisdiction of an entire order.  don't know what  with somewhat remarkable memory rattled off cases and citations. How do you distinguish those? Sure. The three, go ahead Judge Ryan. Either two or three cases he said I stood for the proposition that you could not review all issues but only the CAFA part of the order. Do you disagree with that or do you have other cases? Yes. I do disagree with that and I have other cases. The most important case here is Yamaha Motors, the Supreme Court case which interpreting 1292, says that when the court has jurisdiction under 1292 with the exact same language about order, it has jurisdiction over all of the issues in that order. There is also the case of Coffey v. Freeport McMorrin which is discussed in appellant's brief here, the court decided it had jurisdiction to consider both questions because they resided in the same order. Now the court did say it had jurisdiction, it declined to exercise it in that case. And the reason there gets to a very weedy issue about the order in 1447. 1453 permits review of orders denying or granting motions to remand. It creates an exception to the general rule of 1447 which does not permit interlocutory review of orders granting motions to remand since there was no longer a reason under 1453 to review the order that it would bow to the policy judgment, it would bow to the language of 1447 and not review that issue even though it could. So here it really comes down to the fact that the court has the discretion  1453. Excuse me, counsel, but we are running out of time. The counsel suggested that what you should have done is had the federal question issue certified under 1292B. What's wrong with that suggestion? Because 1453 permits review of the order. So when the state appealed under 1453 that two jurisdictional issues in a single order, it acted appropriately to preserve jurisdiction. That is precisely what the language of that statute says. Furthermore, and I don't say this to take away from what I just said, it is also important, I think, to keep in mind in this case that the federal question relates to the subject matter jurisdiction of the federal courts. Even if the state had not properly proceeded on its appeal under 1453, which we strongly believe   federal court should have the final judgment. Thank you, counsel. Thank you, your Honor. Thank you both very much. The case to the fair argument is submitted. The court will stand in recess for the day. He both did an excellent job on argument. It's a difficult case with very good argument.
judges: Reinhardt, Wardlaw, Callahan